IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RAFAEL SANTOS-ORTIZ,**
Plaintiff

     v.                                  **CIVIL NO. 02-2152 (DRD)**

**UNITED STATES OF AMERICA,**
Defendant

**ORDER**

    Pending before the Court is the plaintiff, Mr. Rafael Santos-Ortiz's *Motion of Reconsideration* (Docket No. 30) moving the Court to reconsider the dismissal with prejudice of his claim (Docket No. 28). Plaintiff proposes that the doctrine set forth in Mas v. U.S., 984 F.2d 527 (1st Cir. 1993) is inapposite to the instant case because "it is an absurd" that a person may not recover damages award in those instances in which a sudden event causes harm to an innocent bystander. Plaintiff reasons that the applicable doctrine to the instant set of facts is that the owner of a commercial establishment does not need to have previous knowledge of a dangerous condition within a reasonable time in order to be liable for the damages suffered by said innocent bystander in the former's establishment. For the reasons stated herein, the plaintiff's *Motion of Reconsideration* (Docket No. 30) is hereby **DENIED**.

**MOTION FOR RECONSIDERATION STANDARD**

    Motions for reconsideration are generally considered either under Fed. R. Civ. P. 59 or Rule 60, depending on the time such a motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir., 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the Court. Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D.202 , n.4 (D.P.R., 1999). These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. See Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir., 1994) *citing* F.D.I.C. Ins. Co. v. World University, Inc. 978 F.2d 10, 16 (1st Cir., 1992); Cherena v. Coors Brewing Com. 20 F. Supp. 2d 282, 286 (D.P.R., 1998); see also National Metal Finishing Com. v. Barclaysamerica/Commercial, Inc., 899 F.2d 119, 124 (1st Cir., 1990). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier". Id at 123. See also, Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n.3 (M.D.Pa., 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

    The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration. Sierra Club v. Tri-State Generation and Transmission Assoc., Inc., 173 F.R.D 275, 287 (D.C. Col, 1997); Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861

(10th Cir., 1995). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) if it seeks to change the order or judgment issued. Id. Further, although Rule 59(e) refers to judgments, i.e rulings that are appealable, Rule 59(e)'s legal standards will be applied to motions for reconsideration of interlocutory orders. Waye v. First Citizen's National Bank, 846 F.Supp. 310 (request for reconsideration of an interlocutory order denying plaintiff's motion for a default judgment); Atlantic Sales Legal Foundationn v. Karg Bros. Inc., 841 F.Supp. 51, 55 (N.D.N.Y., 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99F.R.D 99 (E.D Va., 1983) (motion for reconsideration of order denying motion to dismiss).

As a general rule, motions for reconsideration should be exceptionally granted. As the Western District Court of Pennsylvania has wisely explained:

> [M]otions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last but not least, reconsideration of dispositive decisions...hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice.

Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Penn. 1998).

Thus, in interest of finality, at least at the district court level, motions for reconsideration should be granted **sparingly** because parties should not be free to relitigate issues a court has already decided. Id. (*citing* New Chemic (U.S), Inc. v. Fire Grinding Corp., 948 F.Supp. 17, 18-19 (E.D Pa. 1996). "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly". Williams v City of Pittsburgh, 32 F.Supp.2d at 238. A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. Dodge v. Susquehanna University, 796 F.Supp. 829, 830 (M.D.Pa. 1992).

"A motion for reconsideration of an order to grant [or deny] summary judgment is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure". Trabal Hernandez v.Sealand Service, Inc., 230 F.Supp.2d 258, 259 (D.P.R., 2002); Rosario Rivera v. PS Group of P.R., Inc., 186 F.Supp.2d 63, 65 (D.P.R., 2002). "These motions should be granted to correct "manifest errors of law" or to present newly discovered evidence". Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d at 259; F.D.I.C v. World Univ. Inc., 978 F.2d 10,16 (1st Cir.,1992); Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d at 123. Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment". Pacific Insurance Company v. Am. Nat'l. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir., 1998) "Neither are Rule

59(e) motions appropriate 'to repeat old arguments previously considered and rejected'." Trabal Hernandez v. Sealand Services, Inc. 230 F.Supp. 2d at 259; Nat'l Metal Finishing Co. Trabal Hernandez v. Sealand Services, Inc., 899 F.2d at 123; Colon v. Fraticelli-Viera 181 F.Supp.2d 48, 49 (D.P.R, 2002). **Hence, "motions for reconsideration are 'extraordinarily remedies which should be used sparingly'."** Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d at 259; Nat'l Metal Finishing Co. Trabal Hernandez v. Sealand Services, Inc., 899 F.2d at 123; and are **"typically denied"**, 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2810.1 at 128 (2d ed. 1995). *Emphasis added*.

## LEGAL ANALYSIS

As stated previously, a party's motion for reconsideration may be granted in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. Dodge v. Susquehanna University, 796 F.Supp. at 830. It is obvious that plaintiff's request of reconsideration is grounded on the third situation, to wit, to correct a clear error of law or to prevent manifest injustice. However, plaintiff's proposal fails to pass muster. The Court explains.

It is known that under Puerto Rico law, a business owner has a duty to keep its establishment in safe condition so the patrons do not suffer harm or damage. Cotto v. Consolidated Mutual Insurance Co., 116 P.R. Dec. 644, 650 (1985). However, liability is imposed on the business owner in those situations involving risky situations inside the business premises which the owner knew or should have known existed. Id. In other words, a plaintiff must prove that the defendant had actual or constructive knowledge of the dangerous condition that most likely than not caused the damage. Mas v. United States, 984 F.2d 527, 530 (1st Cir. 1993).

Further, it is known that the issue of foreseeability is the crucial criteria for the imposition of liability in a torts claim. Torres v. KMart Corp., 233 F.Supp.2d 273, 278 (D.P.R. 2002)(*citing* Colon-Gonzalez v. Tiendas KMart, 2001 TSPR 95 (June 26, 2001)). Furthermore, under Puerto Rico law negligence for omission is imposed for not anticipating such damage that a reasonable, prudent person would rationally foresee if the duty was not fulfilled. Colon-Gonzalez v. Tiendas Kmart, *supra*. Holding the contrary would otherwise result in the imposition of absolute liability because a person would be obligated to anticipate every possible risk that could conceivably arise in a multiplicity of situations. Id.

Hence, the crux of plaintiff's case is to present sufficient evidence to satisfy its burden that a dangerous condition existed on the premises and that said dangerous condition was known or should have been known by defendant. In its Opinion and Order the undersigned concluded that plaintiff failed to meet the required threshold showing that the alleged dangerous condition was known or should have known by the defendant. At this time, plaintiff merely has asserted that the legal framework used by the court was inapplicable and suggests that other Puerto Rico case law should be applied to the instant case. However, plaintiff has failed to discuss where the court allegedly committed a clear error of law or how the ruling provoked manifest injustice.

Simply, plaintiff seeks to brings a point of disagreement between the court and the litigant and it is known that a motion for reconsideration may not be used for said purposes. *See* Waye v.

<u>First Citizen's National Bank</u>, 846 F. Supp. at 314 n.3.  Consequently, plaintiff's motion for reconsideration is fatally flawed.

For the reasons stated herein, the Court hereby **DENIES** plaintiff, Mr. Rafael Santos-Ortiz's *Motion of Reconsideration* (Docket No. 30).

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 5th day of September 2005.

                                            **S/DANIEL R. DOMINGUEZ**
                                            **DANIEL R. DOMINGUEZ**
                                            **U.S. DISTRICT JUDGE**